IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **BETSY MAE LIGGETT,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | CIVIL ACTION |
| vs. ) | |
| ) | No. 24-2467-JWL |
| **MARTIN J. O'MALLEY,** ) | |
| **Commissioner of Social Security,** ) | |
| ) | |
| **Defendant** ) | |
| _____ ) | |

**ORDER**

Plaintiff filed a motion for leave to file this action without payment of fees, costs, or security. (Doc. 3). 28 U.S.C. § 1915(a), states:

> ...any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor.

The court has reviewed Plaintiffs filing and finds that she has not demonstrated that she lacks the financial resources to pay the filing fee in this case.

Proceeding in forma pauperis (IFP) in a civil case is a privilege which is within the court's discretion to grant or to deny. White v. Colorado, 157 F.3d 1226, 1233 (10th Cir. 1998) ("a privilege not a right-fundamental or otherwise"); Cabrera v. Horgas, No. 98-4231, 1999 WL 241783, at *1 (10th Cir. Apr. 23, 1999) (within sound discretion of trial court), cert. denied, 531 U.S. 832 (2000). Denial, however, must not be arbitrary or

based on erroneous grounds.  Buggs v. Riverside Hosp., No. 97-1088-WEB, 1997 WL 321289, at *8 (D. Kan. Apr. 9, 1997).

Plaintiff's Affidavit of Financial Status has many unanswered questions and ambiguities which do not demonstrate granting Plaintiff's IFP motion is appropriate. Plaintiff does not answer questions:  II. B. Previous Employment; III. A. Do you and your spouse own real property?; III. B. If yes, number of automobiles owned; III. D. Gifts or inheritances, and Other sources; and V. B. Information regarding stocks, bonds, savings bonds, either owned individually or jointly.  Section III. D. asks for all sources of money received in the last twelve months seeking a "yes" or "no" answer, and the amount from each source.  (Doc. 3, Attach. 1, pp.4-5).  The "Gifts or inheritances" and "Other sources" questions left unanswered are particularly troubling because Plaintiff reports $821 of monthly household expenses with no apparent source for meeting those expenses, no explanation of arrears, and no indication in Section IV. D. of outstanding debts with balances due.  If a friend or family member is paying bills, that should be considered a gift, reflected in Section III. D., and if repayment in the future is expected, that fact would be reflected as a debt with a balance due in Section IV. D.  If some other source of assistance is paying bills (Low Income Energy Assistance Program (LIEAP), food stamps (SNAP), Section 8 housing assistance, etc.), that should be reflected in Section III. D.  Because Plaintiff did not answer Section IV. B. there is an ambiguity whether Plaintiff has a spendthrift trust, 401K, 403B, IRA, or some other financial assets which have not been revealed.  The facts Plaintiff did not answer whether she owns real

property and did not report any mortgage or rental expenses, yet provides monthly household expenses and a living address within the city of Atchison, Kansas creates an ambiguity whether Plaintiff owns a home which is unencumbered by a mortgage.

Finally, the court notes Plaintiff is represented in this matter by attorneys with the firm of BurnettDriskill, Attorneys.  Counsel is cautioned that the court expects counsel to review an Affidavit of Financial Status before it submits the affidavit and clarify such ambiguities as these with their client before they file the affidavit.

Because of the ambiguities presented, the court finds that Plaintiff has not met her burden to show that she cannot afford to pay the filing fee in this case.  Therefore, her Motion to Proceed Without Prepayment of Fees is denied without prejudice to clarify the ambiguities.  Plaintiff must reapply with a new motion and a properly completed affidavit of financial status no later than November 1, 2024.  If Plaintiff does not clarify these ambiguities and reapply by November 1, 2024, the filing fee in this case shall be paid no later than November 15, 2024.

**IT IS THEREFORE ORDERED** that Plaintiff's motion (Doc. 3) is DENIED without prejudice to reapplying.

**IT IS FURTHER ORDERED** that if Plaintiff does not clarify these ambiguities and reapply by November 1, 2024, the filing fee in this case shall be paid no later than November 15, 2024.

A copy of this order shall be delivered to Plaintiff's counsel in the court's CM/ECF system.

**IT IS SO ORDERED**

Dated at Kansas City, Kansas on October 11, 2024.

                                                  s:/ John W. Lungstrum
                                                  **John W. Lungstrum**
                                                  **United States District Judge**